# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| BRIAN C. JONES, SR., | ) |
| Petitioner, | ) Civil Action No. 7:06CV00532 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| UNITED STATES OF AMERICA, | ) By: Hon. Jackson L. Kiser |
| Respondent. | ) Senior United States District Judge |

Brian C. Jones, Sr., a Virginia inmate proceeding pro se, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Inasmuch as petitioner is no longer in federal custody, but is in custody of the Commonwealth of Virginia, the court shall file the complaint in forma pauperis as a habeas action under 28 U.S.C. § 2254 and dismiss it summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1,2]

## Factual and Procedural Summary

On January 5, 2001, petitioner entered into a plea agreement with the United States. Petitioner agreed to plead guilty to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). As part of the agreement, petitioner waived his rights of appeal, "including but not limited to [his] rights, if any, under 28 U.S.C. § 2255." The United States agreed to "recommend that 52 months of [petitioner's] total sentence run concurrent to the 52 months [he] received from [his] state

---

[1] As petitioner has served his federal term of incarceration, his 28 U.S.C. § 2255 motion, challenging the execution of his federal sentence, is moot. Accordingly, I could dismiss it pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, which permits sua sponte dismissal of a § 2255 motion if the record before the court plainly shows that the movant is not entitled to relief. However, a district court is not constrained by a litigant's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981). For the sake of educating petitioner as to his remaining remedies, I shall construe his motion as a motion under 28 U.S.C. § 2254, challenging the execution of his state sentence.

[2] A petition may be dismissed under Rule 4 of the Rules Governing § 2254 Cases if it is clear from the petition that the petitioner is not entitled to relief.

sentence of which [he was] presently serving."[3] On May 4, 2001, I sentenced petitioner to a total term of 78 months, with the proviso that "52 months of the sentence shall run concurrent with the defendant's state sentence." Because he was in federal custody from August 9, 2000 through May 4, 2001, federal authorities transferred him upon sentencing to a federal facility to serve his federal time.

On September 14, 2001, petitioner filed a "Regional Administrative Remedy Appeal" with federal prison authorities, alleging that his placement in a federal facility resulted in a lengthier sentence than he would have served in state custody, and requesting to be transferred to state custody. On October 15, 2001, petitioner received a response denying his request for relief. The response stated, in pertinent part:

> Records indicate that you were arrested by state authorities on August 19, 1999. You were released on bond January 26, 2000. On March 8, 2000, you were rearrested by state authorities and sentenced on July 26, 2000, to a term of 1 year. You were released from state custody to a federal detainer on August 9, 2000. **While in federal custody, you were sentenced by the state to additional sentences totaling 52 months.** You were sentenced on May 4, 2001, in the Western District of Virginia, to a term of 78 months. The court ordered that "52 months of the sentence shall run concurrent with the defendant's state sentence." Your sentence was calculated from the date of imposition with presentence sentence [sic] custody credit from August 9, 2000, through May 3, 2001. You contend that your placement in federal custody has resulted in a lengthier sentence than would have occurred if you had remained in state custody. Title 18 U.S.C. Section 3585 (a) states, "Commencement of sentence – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." **You were released by the state to federal custody on August 9, 2000, and were not released [from federal custody] prior to the imposition of the federal sentence on May 4, 2001.** A request will have to be received from the state for you to be considered for a transfer to state custody.

---

[3] According to the docket sheet in petitioner's criminal case, he was never in state custody after his apprehension by federal authorities. However, at some point while he was in federal custody, petitioner was sentenced by state authorities to 52 months in state prison. The docket reflects that, while petitioner was in federal custody, state authorities did not obtain a writ of habeas corpus ad prosequendum, as normally required to "borrow" a defendant from federal custody for sentencing in state court.

2

(Emphasis added.)

On May 25, 2004, while incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, petitioner filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania (Kane, J.). Citing United States v. Addonizio, 442 U.S. 178, 185 (1979), that district court observed that "[a] challenge to a federal criminal defendant's conviction . . . is most appropriately brought as a motion pursuant to 28 U.S.C. § 2255." The court dismissed the petition "without prejudice to Petitioner's right to seek relief from the sentencing court *via* a 28 U.S.C. § 2255 motion." Concerning the merits of the petition, the court stated:

> It is petitioner's contention that there is a conflict between the Sentencing Order imposed by the United States District Court for the Western District of Virginia and a Commonwealth of Virginia sentence which is resulting in a violation of his constitutional rights. Specifically, the United States District Court Judge for the Western District of Virginia[] intended for the federal sentence to "run concurrent to all other sentences[,]" **while the state court sentence, which was imposed prior to the federal sentence[,] was ordered to run consecutive to any federal sentence imposed**. The concern is that he may "serve 4 years and 4 months longer than that envisioned by the federal sentencing court's [sic] and myself, resulting in illegal confinement, as well as cruel and unusual punishment." Respondent states "[w]hile there is an obvious conflict in the intent of the two sentencing jurisdictions, the BOP does not have the authority to commence Jones' Virginia state sentence and cause it to run concurrently with the federal sentence. Therefore, the BOP cannot provide the relief Jones seeks." Petitioner responds that "it is not the BOP computation of my sentence that I am challenging. It is the status of my concurrent sentence, a federal judge's order, a plea agreement (a contract that's binding by law) in which I surrendered my rights too [sic], only to end-up serving the exact opposite, wrapped in red tape, all in violation of the Judge's order and my rights." There is no indication that Petitioner has filed a 28 U.S.C. § 2255 motion in the sentencing court. The petition will therefore be dismissed without prejudice to the Petitioner to pursue his relief in the proper forum.

(Emphasis added; internal citations omitted.)

In this court, on August 25, 2005, petitioner filed a motion that he styled as a "Memorandum of Law." In that motion, he alleged that his sentence had not been properly executed and requested that this court grant an emergency hearing and reduce or modify the terms of his incarceration. Petitioner

3

specifically requested that his motion not be construed as a collateral attack under 28 U.S.C. § 2255. Accordingly, I considered his motion only as a motion filed in his criminal case, construing it as a Motion to Set Aside or Reduce Sentence, which I denied for lack of jurisdiction. My order stated, in pertinent part, that "Title 18, § 3582(c) expressly states '[t]he court **may not** modify a term of imprisonment once it has been imposed except' upon a motion by the Bureau of Prisons or the government or other circumstances not present in Jones's case." I also observed that, under Fed. R. Crim. Pro. 35, a court can correct or reduce sentence only within seven days from the entry of the judgment, upon motion by the government, or upon remand from the court of appeals. Therefore, I found no basis upon which I had jurisdiction to reduce petitioner's sentence.

On July 14, 2006, after completing his federal sentence of 78 months, petitioner was released to the custody of Virginia to serve the 52-month state sentence. He filed this petition under 28 U.S.C. § 2255 on September 5, 2006. Ground One of his petition alleges that his July 14, 2006, release "to a Virginia state detainer to serve 52 months in prison. . . . violates . . . the federal plea agreement, as well as a federal court's order." Ground Two asserts "Illegal Confinement," stating, in part: "On July 14th, 2006, upon completion of my federal sentence, I have been held and forced to serve the state sentence of 52 months." Ground Three alleges "Ineffective Assistant of Council [sic]." Petitioner claims that he has written to his "court appointed lawyer many times requesting that he raise the issue of the Virginia state detainer[,] which was in conflict with [his] federal sentence," but that his counsel "will not respond to my request for help in any post-conviction relief." Ground Four, "Violation of Civil and Constitutional Rights," alleges that petitioner has been "strip searched, cuffed, [and] forced to give blood and urine samples while being held illegally"; that he has "been threatened and force[d] to cut [his] hair in violation of [his] religious and freedom of speech and expression rights"; and that he has "been forced to endure extreme punishment by being locked in a cell with heat index's [sic] over 120

4

degrees." According to petitioner, these conditions amount to "cruel and unusual punishment."[4]

Regarding the timeliness of his motion, petitioner contends that the one-year statute of limitations contained in 28 U.S.C. § 2255 does not bar his motion because the issues he presents "did not arise" until July 14, 2006, when he was released into state custody. Significantly, he states that, pursuant to his plea agreement, he "had given up [his] right to file a 28 U.S.C. § 2255 or any collateral attack" on his federal sentence, and that filing a 28 U.S.C. § 2255 "would have resulted in a breach of [his] plea agreement," thus subjecting him "to a broad range of consequences."

Petitioner asks the court to "correct and/or withdraw movant's federal plea agreement" and to "[c]ompensate [him] $25,000 a day" for each day he "is held illegally."

### Analysis

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53, 54 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, the inmate can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, the inmate can attack his conviction collaterally by filing a state habeas petition

---

[4] Petitioner's Ground Four could be construed as a civil rights action pursuant to 42 U.S.C. § 1983. However, petitioner has been in state prison since July 14, 2006, and clearly has not had time to exhaust all available grievance procedures as required before filing a § 1983 complaint.

with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state <u>habeas</u> petition directly with the Supreme Court of Virginia. <u>Id.</u> Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See <u>O'Sullivan v. Boerckel</u>, 526 U.S. 828, 845 (1999).

The petition in the instant case indicates that Jones has served his federal sentence of imprisonment and has been held in the custody of state authorities since July 14, 2006. Petitioner presents no evidence that his sentence execution claims have been presented to the Supreme Court of Virginia. The burden of proving that a claim has been exhausted lies with the petitioner. <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th Cir. 1994). Jones's failure to exhaust state remedies mandates summary dismissal of the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[5]

Jones also seeks to recover monetary damages of "$25,000 a day for everyday [sic] [he] is held illegally." However, any claim for damages caused by an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" will not accrue until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). In other words, a state prisoner's claim for damages is not cognizable if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

---

[5] Jones may still pursue a federal <u>habeas</u> petition under § 2254 if he is unsuccessful in obtaining relief after presenting his sentence calculation claims to the Supreme Court of Virginia. The time to file a state or federal <u>habeas</u> petition is limited by statute. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2). Additionally, Jones should note that he may be able to obtain relief from the Virginia Parole Board.

6

or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. Id. Jones offers no indication that his confinement pursuant to the sentence for his state conviction has been held invalid by a state or federal court decision. Accordingly, any claim for monetary damages has not yet accrued and must therefore be dismissed without prejudice. Id.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to the petitioner.

ENTER: This 22nd day of September, 2006.

*[signature]*
Senior United States District Judge

7

Case 7:06-cv-00532-JLK-mfu   Document 2   Filed 09/22/06   Page 7 of 7   Pageid#: 38